FILED
2017 Nov-13 PM 03:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**BRIDGET NORWOOD**

|  |  |
|---|---|
| v. | ) Civil Action Number: <br> ) <br> ) <br> ) |
| **AGC AUTOMOTIVE** | ) <br> ) |
| **Defendant.** | ) |

_____

**COMPLAINT AND JURY DEMAND**

**I. INTRODUCTION**

   1. This is an action for legal and equitable relief to redress violations of the unlawful secured by the Family and Medical Leave Act ("FMLA"), codified at 29 U.S.C. § 2615 and discrimination in Title VII of the Civil Rights Act of 1964, as Amended and 42 U.S.C.§ 1981.

**II. JURISDICTION**

   2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331

   3. Venue is proper pursuant to 28 U.S.C. § 1391(b).

**III. ADMINISTRATIVE PREREQUISITES**

1

4. Norwood claims under the FMLA do not require the exhaustion of administrative prerequisites prior to filing this case. Norwood files this case within the statute of limitations period proscribed by the FMLA. For the Title VII claims, Norwood filed an EEOC charge and brings this lawsuit within 90 days of receipt of the right to sue letter.

## IV.  PARTIES

5. Plaintiff, Bridget Norwood III ("Norwood"), is an Afircan-American female citizen of the United States over the age of nineteen (19) years and has been at all times pertinent to the matters alleged herein a resident citizen of the State of Alabama. Norwood worked for Defendant at its Alabaster, Alabama location as a material handler otherwise known as a fork lift driver.

6. Defendant, AGC Automotive (hereinafter referred to as "Defendant" or "AGC"), a manufacturer of automotive glass, employs more than fifty (50) people and is thus an "employer" for FMLA and Title VII purposes.

## V. STATEMENT OF FACTS

7.  For over a decade, with a hire date of June 26, 2005 through November 18, 2015 Norwood worked for AGC Glass Company as a production associate and fork lift driver.

8. Norwood submitted and was approved intermittent Family and Medical Leave forms and was approved for leave for conditions related to severe migraine.

9. Whenever Norwood had to be off for medical reasons she made the company officials of the necessity for medical leave.

10. The company utilized a point system where employees were penalized for unexcused absences.

11. However, the company did a very poor job of tracking the records of what was unexcused v. excused absence.

12. Absences failing under FMLA leave where not supposed to be charged against the employee for discipline purposes.

13. Yet, at least for Bridget Norwood she was charged with discipline for absences that should have been excused.

14. Moreover from speaking with co-workers of other races and men, Norwood was aware that they could absent without excuse and still not be assessed discipline points. The rules were applied inequitably applied.

15. For example, the plaintiff was treated at St. Vincent's East on April 30, 2015, and released to work on May, 2 2015.

16. Despite presentation of evidence, the company officials continued to hold these absences against her point total.

17. In November 2015, Norwood required Family Medical Leave time and let her manager know of the need for leave.

18. On November 18, 2015, Norwood was called at home by Charlotte Arnold, a human resources manager, and informed that Norwood was being terminated based on her points.

19. Norwood was informed that there was not proof of the absences in the facility.

20. Norwood was approved for intermittent leave at the time of her termination, the leave in November was FMLA related.

21. After ten years of employment Norwood was terminated, has suffered mental distress, emotional trauma and lost wages.

## VI.     CAUSES OF ACTION

### COUNT I - VIOLATION OF FMLA (INTERFERENCE )

22. The plaintiff re-alleges and incorporates by reference paragraphs with the same force and effect as if fully set out in specific detail hereinbelow.

23. Norwood is an eligible employee under the Family Medical Leave Act. 29 U.S.C. § 2611(2)(A). Norwood had been employed with Defendant for at least 12 months.

24. AGC is an employer in accordance with 29 U.S.C. § 2611.

25. AGCs refusal to recognize emergency room visit and/or approved intermittent leave requests constitutes interference with hers Family Medical Leave Act time.

26. AGC decision to terminated Norwood because she utilized Family Medical Leave time is interference.

### COUNT II – FMLA (RETALIATION)

27. The plaintiff re-alleges and incorporates by reference paragraphs 1-27, with the same force and effect as if fully set out in specific detail hereinbelow.

28. Norwood utilized FMLA leave in the past with the same set of restrictions which was not an undue hardship for AGC.

29. Terminating Norwood for using the approved FMLA tome is retaliatory in addition to interfering with her FMLA leave.

### Count III
### Title VII Sex Discrimination

30. Norwood alleges Johnson re-alleges paragraphs 7-21 above and incorporate them by reference as if fully set forth herein.

31. Norwood was subjected to sex discrimination in that male employees could abuse leave policies and were not terminated. Moreover, men could properly use leave policies and also not be terminated.

32. Norwood did not get the same benefits from employments as the company viewed her "headaches" as women's issue and refused to recognize proper family medical leave act time.

33. The conduct is sex discrimination as the employer factored in the nature of her leave in making the termination decision.

34. This treatment is discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. This treatment by the Defendant has affected the terms and conditions of their employment.

35. Norwood was injured and requests back pay, compensatory and punitive damages for this intentional conduct.

### RACE DISCRIMINATION IN EMPLOYMENT

36. AGC discriminated against Norwood because of her race with respect to her termination in violation of Title VII and 42 U.S.C. § 1981.

37. Employees of other races were terminated for using FMLA time.

38. Norwood, a ten year employee, was held to a higher standard of employment than the employees who were white or Latino.

39. Norwood suffered loss of pay and benefits. Furthermore, as a result of the treatment she received from her former employer, Norwood suffered mental anguish, humiliation, embarrassment.

40. The Defendant's discriminatory actions toward Norwood were reckless, malicious, and willful and in violation of Norwood's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court:

1. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff, et seq., Title VII of the Civil Rights Act of 1964, As Amended, 42 U.S.C § 1981, and 42 U.S.C. § 1981a.

2. Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the Plaintiff's rights.

3. Enter an Order to make the Plaintiff whole by granting her appropriate declaratory and injunctive relief, and back-pay, (plus interest), as well as nominal and/or compensatory, punitive damages, liquidated damages, and other benefits of employment.

4. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF HEREBY DEMANDS A JURY FOR ALL ISSUES TRIABLE BY JURY**

                                Respectfully Submitted,

                                <u>/s/Lee Winston</u>
                                Lee Winston
                                Roderick T. Cooks
                                Attorneys for the Plaintiff

<u>**OF COUNSEL**</u>**:**

**WINSTON COOKS, LLC**
505 North 20th Street Suite 815
Birmingham, AL 35205
Tel: (205)502-0940
Fax: (205)251-0231